UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
FALLY K. DIALLO,

                    Plaintiff,

- against -

JUAN ESTEBAN LEON PUERTA and B&M
LEASING CORPORATION,

                    Defendants.
---------------------------------------------------------X

**MEMORANDUM & ORDER**
No. 23-CV-9452 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

On December 22, 2023, Defendants Juan Esteban Leon Puerta ("Puerta") and B&M Leasing Corporation ("B&M Leasing") (collectively, the "Removing Defendants") filed a notice removing this action from the Supreme Court of the State of New York, Kings County, to this Court. (Dkt. 1 ("Notice").) For the reasons set forth below, this case is *sua sponte* REMANDED to state court.

## BACKGROUND

On November 2, 2023, Plaintiff Fally K. Diallo ("Plaintiff") filed a complaint in state court, alleging that he was seriously and permanently injured when a motor vehicle he was a passenger in was struck by a motor vehicle that was owned by B&M Leasing and operated by Puerta.[1] (Dkt. 1-2 ("Complaint" or "Compl.") ¶¶ 14–33.) Plaintiff alleges that the incident occurred on December 23, 2022, on Linden Boulevard in Kings County, New York. (*Id.* ¶ 29.) The Complaint demands damages in a sum "which exceeds the jurisdictional limit of all lower Courts which would

---

[1] As discussed below, Plaintiff subsequently added a third defendant, ExpressTrans Logistics LLC a/k/a Express Trans Logistics LLC (together, with Puerta and B&M Leasing, "Defendants"). *See infra* at 10.

otherwise have jurisdiction" and "exceeds the sum or value established by 28 [U.S.C. §] 1332(a) exclusive of interest and costs," but does not specify a damages amount. (*See* Compl. ¶¶ 37–38.)

The Removing Defendants invoke diversity jurisdiction pursuant to 28 U.S.C § 1332 as the basis for federal subject matter jurisdiction. (Notice ¶ 2.) The Notice alleges that Plaintiff is a citizen of New York while the Removing Defendants are citizens of New Jersey. (*Id.* ¶¶ 3–12; *see also* Dkt. 1-3 ("Answer") at ECF 4.[2] *But see* Compl. ¶¶ 3–9 (alleging that B&M Leasing is a New York corporation with its principal place of business in New York).) With respect to the amount in controversy, the Notice states:

> Upon information and belief, the amount in controversy exceeds $75,000 in that [P]laintiff sustained injuries in the accident for which he are [sic] claiming exceed the jurisdictional limits of all lower courts. Upon information and belief, [Plaintiff] is claiming injuries to his neck, back and both shoulders. [Plaintiff] underwent a surgery to his lumbar spine.

(Notice ¶ 13.)

On December 26, 2023, after finding that neither the Complaint nor the Notice contained sufficient information to determine the amount in controversy, the Court ordered the Removing Defendants to show cause as to why this action should not be remanded to state court. (*See* 12/26/2023 Docket Order.) On January 12, 2024, the Removing Defendants filed a letter response, stating, "[P]laintiff is claiming injuries to the neck, back and both shoulders, with multiple injections and a percutaneous discectomy in connection with the injuries sustained in the accident herein." (Dkt. 6 at 1.) The Removing Defendants also represent that they "were recently advised by the assigned claims representative that [P]laintiff relayed a settlement demand of $500,000,

---

[2] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

which far exceeds the $75,000 amount in controversy." (*Id.*) Thus far, Plaintiff has not filed a motion for remand.

## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." This provision is construed narrowly and in favor of remand out of "[d]ue regard for the rightful independence of state governments." *Gribler v. Weisblat*, No. 07 Civ. 11436, 2008 WL 563469, at *1 (S.D.N.Y. Feb. 25, 2008) (alteration in original) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)); *see Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."). As the removing party, "the defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (quoting *Grimo v. Blue Cross/Blue Shield of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994); *accord Bank of Am. v. Angona*, No. 14-CV-1643 (JG), 2014 WL 1515559, at *1 (E.D.N.Y. Apr. 18, 2014) (explaining that the party seeking removal "bears the burden of proof that jurisdictional and procedural requirements have been met").

To remove an action to federal court, a defendant must file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "A defendant who is served simultaneously with summons and complaint must file any notice of removal within thirty days of receiving those documents." *Thomas v. Baldwin*,

189 F. Supp. 2d 1, 2 (E.D.N.Y. 2002) (first citing 28 U.S.C. § 1446(b), then citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)). However, if the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010) (per curiam) (explaining that the 30-day removal period does not begin to run until the defendant "receive[s] the first document from which all of the facts giving rise to removability [are] evident"); *see also id.* at 38 (holding "that the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought"). Finally, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A).

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to state court *sua sponte*, absent a motion from Plaintiff. The applicable statute states in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). The Second Circuit has construed this provision as authorizing a district court, at any time, to remand a case *sua sponte* for lack of subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to federal court based on diversity jurisdiction, the removing party has the burden of establishing not just the complete diversity of citizenship of the parties, but

4

also that the amount in controversy exceeds the $75,000 jurisdictional threshold. 28 U.S.C. § 1332(a); *accord Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action." *Lupo*, 28 F.3d at 273−74. The Second Circuit "has repeatedly cautioned" district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, No. 06 MD 1789 (JFK), 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo*, 932 F.2d at 1045−46). Indeed, "a case filed in state court does not become removable [on the basis of diversity jurisdiction] until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Daversa v. Cowan Equip. Leasing LLC*, No. 20-CV-163 (WFK) (RLM), 2020 WL 967436, at *2 (E.D.N.Y. Feb. 28, 2020) (internal quotation marks omitted) (citing *Moltner*, 624 F.3d at 38); *accord Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *1 (E.D.N.Y. Oct. 26, 2011) (quoting *Moltner*, 624 F.3d at 38).

In this case, the Removing Defendants have failed to meet their burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied. The Complaint itself does not specify the amount of money damages sought.[3] (*See* Compl. ¶¶ 37–38.) And the

---

[3] To the extent that the Removing Defendants argue that the amount in controversy is evident from the allegations in the Complaint, removal is untimely. Although the Notice does not state precisely when the Removing Defendants were served with the Complaint (which was *filed* on November 2, 2023 (*see generally* Compl.)), the Court can infer that they were served more than thirty days before they filed their Notice of Removal on December 22, 2023 (*see generally* Notice) based on the fact that they filed their Answer on November 20, 2023 (*see generally* Answer). *See Bank of Am.*, 2014 WL 1515559, at *2 (explaining that the thirty-day deadline for removal, while not jurisdictional, "is rigorously enforced" (internal quotation marks omitted)). Presumably, this explains why the Removing Defendants do not reference the Complaint's allegation that the

5

Removing Defendants' conclusory and speculative assertion that "[u]pon information and belief, the amount in controversy exceeds $75,000 in that plaintiff sustained injuries in the accident for which he are [sic] claiming exceed the jurisdictional limits of all lower courts" is insufficient.  (*See* Notice ¶ 13.)  The reference to "lower courts," which is taken from the Complaint (*see* Compl. ¶ 37), clearly refers to the lower civil courts of New York, which may not entertain actions seeking to recover more than $50,000, as opposed to federal district courts.  *See Woodley v. Mass. Mut.*, No. 08 Civ. 0949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (citing *S.S.I.G. Realty, Inc. v. Bologna Holding Corp.*, 624 N.Y.S.2d 225 (N.Y. App. Div. 1995)) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on ad damnum clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts"); *see id.* at *2 n.3 (collecting cases); *Jaber v. Complete Payment Recovery Servs., Inc.*, No. 22-CV-2689 (HG), 2022 WL 3543500, at *2 (E.D.N.Y. Aug. 18, 2022) (noting New York civil court jurisdictional limit of $50,000).

  Furthermore, neither the Complaint nor the Notice contain specific enough information concerning the nature and extent of Plaintiff's injuries to permit this Court to draw a reasonable inference that the amount-in-controversy requirement has been satisfied.  The Complaint merely states that Plaintiff was "seriously" and "permanently" injured "as defined in Section 5102(d) of the Insurance Law of the State of New York." (Compl. ¶¶ 30–32, 35); *see Herrera v. Terner*, No.

---

amount in controversy "exceeds the sum or value established by 28 [U.S.C. §] 1332(a) exclusive of interest and costs." (*See* Compl. ¶ 38.)  But even so, this conclusory allegation does not enable the Court to "conclude to a reasonable probability that the amount in controversy is more than $75,000." *See Arshadnia v. Best Buy Co., Inc.*, No. 23-CV-8639 (DLI) (PK), 2023 WL 8456091, at *2 (E.D.N.Y. Dec. 6, 2023) (finding that the conclusory allegation in complaint that plaintiff was damaged in the sum of at least $75,000 was insufficient to establish subject matter jurisdiction because it was not "supported by plausible factual allegations that the amount in controversy [did] in fact exceed $75,000"); *Moltner*, 624 F.3d at 38 (explaining that "the amount of monetary damages sought" must be "explicitly specifie[d]").

16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016) (remanding case because "boilerplate" allegations based on Article 51 of New York Insurance Law "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction").  And while the Notice states that "[P]laintiff is claiming injuries to his neck, back and both shoulders" and "underwent a surgery to his lumbar spine," (Notice ¶ 13), general medical information of this nature, without more, does not suffice to satisfy the jurisdictional amount.  *See, e.g.*, *Palmer v. Schindler Elevator Corp.*, No. 17-CV-3619 (ARR) (RLM), 2017 WL 3037411, at *2 (E.D.N.Y. July 18, 2017) ("[T]he allegation that plaintiff suffered a lumbar spine injury [requiring surgical intervention] does not establish that the amount in controversy is over $75,000."); *King v. Romero*, No. 22-CV-10935 (PMH), 2022 WL 18009943, at *2 (S.D.N.Y. Dec. 30, 2022) (remanding where bill of particulars disclosed that plaintiff had undergone multiple spinal surgeries but did not specify a specific amount of damages sought); *Kum v. Walcott*, No. 12-CV-4608 (RRM) (RER), 2012 WL 4772072, at *2 (E.D.N.Y. Oct. 5, 2012) (concluding that amount-in-controversy requirement was not met despite assertion that plaintiff underwent shoulder surgery for injuries); *Thomas v. Burlington Stores, Inc.*, No. 22-CV-08520 (PMH), 2022 WL 6698806, at *2 (S.D.N.Y. Oct. 11, 2022) (remanding despite allegations that "[p]laintiff sustained serious personal injuries, . . . under[went] surgery, attend[ed] physical therapy, [was] . . . rendered disabled, was confined to bed and home, [and] was caused to expend sums of money for medical aid and attention"); *cf. Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co.*, No. 19-CV-7294 (RA), 2019 WL 6498316, at *4 (S.D.N.Y. Dec. 3, 2019) (denying motion for remand where plaintiff's bill of particulars included specific monetary amounts in connection with injuries and treatments that exceeded $75,000).

The assertions in the Removing Defendants' response to the Court's Order to Show Cause fare no better. (*See generally* Dkt. 6.) Much like the general medical information in the Notice of Removal, *see supra* at 6–7, the Removing Defendants' unsworn representation that Plaintiff received "multiple injections and a percutaneous discectomy in connection with the injuries sustained in the accident," (Dkt. 6 at 1), is inadequate absent supporting evidence concerning the specific amount of damages sought or the costs of those procedures. *See, e.g.*, *King*, 2022 WL 18009943, at *2 (rejecting defendants' argument that the court could "intelligently ascertain" that the amount-in-controversy requirement had been met based on bill of particulars disclosing that plaintiff had "undergone multiple spinal surgeries").

The Removing Defendants also state that they "were recently advised by the assigned claims representative that [P]laintiff relayed a settlement demand of $500,000." (Dkt. 6 at 1.) Although "some courts have considered settlement demands in determining the amount in controversy, they have done so with caution, warning that a settlement demand does not conclusively resolve the ambiguity regarding the amount in controversy." *Elzoghary v. Zelaya-Monge*, No. 23-CV-5353 (DLI) (PK), 2023 WL 6121800, at *2 (E.D.N.Y. Sept. 19, 2023) (cleaned up). Here, the Removing Defendants "provide[] no information regarding the context or circumstances of the settlement demand, nor do[] [they] provide any indication of how Plaintiff arrived at this specific number." *Id.* (internal quotation marks omitted). Moreover, because the Removing Defendants have not provided any documentation of said settlement demand, "the Court assumes that the alleged settlement demand was made orally." *Hogue v. BJ's Wholesale Club, Inc.*, No. 22-CV-04829 (PMH), 2022 WL 2256291, at *2 (S.D.N.Y. June 23, 2022). However, "[d]istrict courts in this circuit . . . have held that an oral settlement demand is not a sufficient basis for removal." *Mitilinios v. Costco Wholesale Corp.*, No. 17-CV-5306 (AMD) (SMG), 2018 WL

941715, at *4 (E.D.N.Y. Jan. 31, 2018) (collecting cases), *report & recommendation adopted*, No. 17-CV-5306 (AMD) (SMG), 2018 WL 948753 (E.D.N.Y. Feb. 15, 2018); *see also Hogue*, 2022 WL 2256291, at *2 (same).

Finally, the Court notes that the Notice of Removal is procedurally defective, which, in turn, leads to another reason for remanding this matter to state court. First, the Removing Defendants have failed to attach "a copy of all process, pleadings, and orders served" in the underlying state court action. *See* 28 U.S.C. § 1446(a); *see also N.Y. State Cnty. of Nassau Sup. Ct. v. Powell*, No. 18-CV-4079 (JFB) (AYS), 2018 WL 9986665, at *2 (E.D.N.Y. Aug. 8, 2018) (remanding case due to procedural deficiencies where, among other things, copies of all process, pleadings, and orders filed in state court, including the complaint, were missing from defendant's notice of removal); *Marie-Dessisso v. JP Morgan Chase Bank, N.A.*, No. 15-CV-5152 (WFK), 2015 WL 5732127, at *2 (E.D.N.Y. Sept. 28, 2015) (finding that defendant's notice of removal was "procedurally deficient" where, *inter alia*, it did not include copies of all process, pleadings, and orders served in the state action). While the Notice includes Plaintiff's initial complaint and the Removing Defendants' initial answer (*see* Notice; Compl.; Answer), a brief search of the docket in the underlying state court action reveals that Plaintiff served an amended complaint in early December 2023, *see* Am. Compl., *Diallo v. Puerta*, No. 532196/2023 (N.Y. Sup. Ct. Dec. 8, 2023), Dkt. 8, which Defendants answered on December 20, 2023, *see* Answer, *Diallo*, No. 532196/2023 (N.Y. Sup. Ct. Dec. 20, 2023), Dkt. 9. Neither the amended complaint nor Defendants' subsequent answer was submitted to this Court. (*See generally* Notice.) Considering Defendants filed their answer to the amended complaint two days *prior* to the filing of their Notice, *see* Answer, *Diallo*, No. 532196/2023 (N.Y. Sup. Ct. Dec. 20, 2023), Dkt. 9, they have no excuse for failing to attach these pleadings. *Cf. Hoechstetter v. Columbia Univ.*, No. 19-CV-2978 (ALC),

2020 WL 905738, at *2 (S.D.N.Y. Feb. 25, 2020) (explaining that all pleadings that have been served on the removing party must be attached to the notice of removal); *Dixon v. Stedman*, No. 22-CV-3581 (RPK) (LB), 2022 WL 16924178, at *1 (E.D.N.Y. Nov. 14, 2022) (same).

A review of the amended complaint and subsequent answer reveals the second deficiency: not all defendants have joined in or consented to the removal of the action. *See* 28 U.S.C. § 1446(b)(2)(A). In addition to Puerta and B&M Leasing, the amended complaint also names ExpressTrans Logistics LLC a/k/a Express Trans Logistics LLC ("ExpressTrans") as a defendant. Am. Compl., *Diallo*, No. 532196/2023, Dkt. 8. All three Defendants were properly served with the amended complaint before the Notice was filed, as evidenced by the fact that they filed and served a joint answer to the amended complaint on December 20, 2023. *See* Am. Answer, *Diallo*, No. 532196/2023 (N.Y. Sup. Ct. Dec. 20, 2023), Dkt. 9; *cf. Newkirk v. Clinomics Biosciences, Inc.*, No. 06-CV-0553 (GLS) (RFT), 2006 WL 2355854, at *4 (N.D.N.Y. Aug. 15, 2006) (explaining that "a defendant not subject to state court jurisdiction through proper service of process at the time of removal is excused from the unanimity requirement"). However, the Notice makes no mention of ExpressTrans and gives no indication that ExpressTrans consents to removal.[4] *See Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) (noting that "most courts have required some form of unambiguous written evidence of consent to the court"). Thus, the Notice is deficient because it fails to comply with the well-established "rule of unanimity."[5] *See Heller v. N.Y.C. Health & Hosps. Corp.*, No. 09 Civ. 6193 (LTS) (GWG), 2010

---

[4] This omission is all the more confounding given that ExpressTrans appears to be represented by the same counsel as the Removing Defendants. *See* Answer, *Diallo*, No. 532196/2023 (Dec. 20, 2023), Dkt. 9.

[5] Furthermore, without information concerning ExpressTrans's citizenship, the Court cannot conclude with reasonable certainty that there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a); *see also Coleman v. Selene Fin., LP*, No. 23-CV-3096 (LDH) (CLP), 2023

WL 481336, at *2 (S.D.N.Y. Feb. 1, 2010) (requiring "all defendants to manifest their consent to removal"); *Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp. 2d 188, 193–94 (S.D.N.Y. 1999) (collecting cases requiring unanimous consent).

## CONCLUSION

For the foregoing reasons, this case is REMANDED to the Supreme Court of the State of New York, Kings County, under Index No. 532196/2023, for lack of federal subject matter jurisdiction.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 15, 2024
      Brooklyn, New York

---

WL 9232950, at *5 (E.D.N.Y. Dec. 5, 2023) (remanding where the information in the notice of removal was insufficient to determine whether complete diversity existed between the parties).